**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COY PHELPS,

    Plaintiff,

    v.

ANTI-DEFAMATION LEAGUE
OF B'NAI B'RITH; et al.,

    Defendants.
                                               /

No. C 04-2815 MHP (pr)

**ORDER OF DISMISSAL**

        In an October 24, 2005, Order, the court granted several defendants' motions to dismiss and dismissed the action against those defendants. The court noted that there were four other defendants who had not been served with process and/or had not entered an appearance in the action. Specifically, service of process apparently had not been accomplished as to defendants Roy Bullock, Tom Gerard and Don Smith. A fourth defendant, the State of Israel, had not entered an appearance although the court had not determined whether that defendant had been properly served with process.

        The court notified plaintiff in the October 24, 2005 Order that it intended to decide with regard to the four remaining defendants whether the action would be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Oct 24, 2005 Order, p. 24. The court explained that:

> it appears that the court's rulings in this order [apply] with equal force to the claims asserted against the four non-appearing defendants. Specifically, (a) claims concerning the arrest, prosecution and trial of Phelps appear to be barred by <u>Heck</u>, the collateral estoppel doctrine and the statute of limitations and (b) claims concerning information obtained in 1992 or 1993 from the raid on the ADL offices and defendants' residences appear to be barred by <u>Heck</u> and the collateral estoppel doctrine insofar as they allegedly show Phelps' innocence of the bombing and by the statute of limitations.

Oct. 24, 2005 Order, p. 24. The court also notified plaintiff that it intended to decide with regard to defendants Bullock, Gerard and Smith whether the complaint would be dismissed under Federal Rule of Civil Procedure 4(m) for failure to timely serve process on these defendants. Oct. 24, 2005 Order, p. 25. The court gave Phelps an opportunity to show cause why the court should not take such actions: "No later than December 2, 2005, plaintiff must file and serve any opposition/response to the court's intent to sua sponte determine whether the first amended complaint states a claim for relief against any of the non-appearing defendants. And no later than December 2, 2005, plaintiff must file and serve his response regarding service of process on defendants Gerard, Smith and Bullock." <u>Id.</u> at 25-26.

Plaintiff filed a response to the order on November 14, 2005, only addressing one of the court's two concerns. That is, he described his unsuccessful efforts to serve defendants Bullock, Gerard and Smith, but did not address the court's notice that it intended to dismiss the action under Rule 12(b)(6).

Having considered the matter and the plaintiff's response, the court now dismisses the action as against the remaining four defendants because the first amended complaint fails to state a claim upon which relief may be granted. The dismissal is without leave to amend. There is no reason for this action to remain open indefinitely for Phelps to attempt to cure serve process service of process problems that may never be resolved in light of the fact that the claims against those unserved defendants have the same problems -- i.e., they are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the collateral estoppel doctrine, and the statute of limitations -- that led the court to dismiss the action against other defendants. Because the court has dismissed the first amended complaint for failure to state a claim upon which relief may be granted, the court need not decide whether plaintiff has shown cause for his failure to

2

accomplish service of process on defendants Gerard, Bullock and Smith.

The action is now terminated as to all defendants. Judgment will be entered against plaintiff and in defendants' favor. The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 21___, 2005    _____
                                Marilyn Hall Patel
                                United States District Judge